**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-30768
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

CHRISTOPHER GERRARDO HARDY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
(92-CR-20012-2)

September 25, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

Per Curiam[*]

In this direct criminal appeal, Defendant-Appellant Christopher Gerrardo Hardy complains that a misstatement by the district court during the sentencing colloquy for his guilty plea — specifically, erroneously informing him that he was subject to a mandatory minimum sentence of only half the actual mandatory minimum prison time that he actually faced — affected his substantial rights by influencing him not to withdraw his plea of

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty and thereby causing him to incur an excessive term of incarceration. Agreeing with Hardy that the district court violated Fed. R. Crim. P. 11 in significantly understating the mandatory minimum prison term that Hardy would incur if he persisted with his guilty plea, and that such violation affected Hardy's substantial rights and was not harmless error — as conceded on appeal by the government — we vacate Hardy's guilty plea, his conviction thereon, and the sentence he incurred by virtue thereof, and remand this case for further consistent proceedings.

I.
FACTS AND PROCEEDINGS

Hardy was charged with conspiracy to distribute marijuana and possession with intent to distribute marijuana, in violation of 18 U.S.C. §§ 841(a)(1) and 846. The government filed an enhancement information under 21 U.S.C. § 851(a), alleging that Hardy had a prior conviction.

Hardy entered into a written plea agreement pursuant to which he would plead guilty to the conspiracy count of the indictment. After the plea agreement was signed, a presentence report (PSR) was prepared. The PSR ultimately recommended a guideline sentence of 240 months based on the statutory minimum sentence resulting from the government's filing of an information seeking an enhanced penalty based on Hardy's prior conviction. The district court sentenced Hardy to the mandatory minimum 240 months of imprisonment.

Hardy did not file a direct appeal but eventually filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct

2

sentence by a person in federal custody. Hardy was granted leave to file an out-of-time direct appeal, which led to his filing of this appeal.[2]

## II.
## ANALYSIS

Hardy entered a guilty plea pursuant to Fed. R. Crim. P. 11. A guilty plea involves the waiver of several constitutional rights and, accordingly, must be made knowingly and voluntarily. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). "Rule 11 creates a prophylactic scheme designed to insure both that guilty pleas are constitutionally made and that a full record will be available in the event that a challenge is made to the plea." United States v. Bernal, 861 F.2d 434, 436 (5th Cir. 1988) (internal quotations and citations omitted). In analyzing the validity of a guilty plea, we conduct a two-step inquiry focusing on: (1) whether the district court varied from the procedures required by Rule 11; and (2) if so, whether such variance affected the "substantial rights" of the defendant. United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).

At the plea proceeding, Hardy was questioned extensively by the district court. The court informed Hardy that any false answers could lead to a criminal charge of perjury, see Fed. R. Crim. P. 11(c)(5); determined that Hardy was mentally competent and not under the influence of any drugs, and that he was satisfied

---

[2] Hardy's appointed counsel filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1987), but this motion was denied.

3

with his legal representation, see Fed. R. Crim. P. 11(c)(2); informed him that he had the right to plead not guilty, to be tried by a jury with the assistance of counsel, and to confront witnesses against him, and that he could not be compelled to incriminate himself, see Fed. R. Crim. P. 11(c)(3) and (4); and determined that Hardy was not entering a plea because he was promised anything or because he had been coerced, and that there was a plea agreement, see Fed. R. Crim. P. 11(d). The government presented a factual basis to support the plea, see Fed. R. Crim. P. 11(f). The district court also explained the nature of the charge to Hardy, informed him of the maximum possible penalty, advised him that he would be sentenced pursuant to the guidelines, see Fed. R. Crim. P. 11(c)(1), and informed him of the mandatory minimum sentence that he faced.

Unfortunately, the district court mistakenly told Hardy that he was subject to a 10-year rather than the 20-year mandatory minimum sentence by virtue of the enhancement information. This clearly constituted a "variance" under Rule 11. Therefore, under the approach dictated by our en banc opinion in Johnson, we must determine, on the bases of the particular circumstances of the case, whether the Rule 11 error affected the defendant's "substantial rights" and, if so, whether the error was harmless.

In the instant case we are guided by our holding in United States v. Still, 102 F.3d 118 (5th Cir. 1996), cert. denied 118 S. Ct. 43 (1997), in which on virtually identical facts we concluded that the sentencing court's understatement of the mandatory minimum

4

sentence constituted reversible error.  In <u>Still</u>, as in <u>United States v. Watch</u>, 7 F.3d 422 (5th Cir. 1993)(implicating court's total failure to advise defendant of the mandatory minimum sentence), we reasoned that the defendant did not fully understand the consequences of his guilty plea and therefore his substantial rights were affected.  <u>Still</u>, 102 F.3d at 122-23; <u>Watch</u>, 7 F.3d at 424.

We did not conclude in <u>Still</u>, however, and do not today, that failure of the district court to inform the defendant correctly as to the mandatory minimum sentence can never be harmless error; only that substantially understating the length of the applicable mandatory minimum sentence will always have a substantial effect on his decision to plead guilty. <u>See</u> <u>Still</u>, 102 F.3d at 122-23. Moreover, the government concedes this point on appeal and does not oppose the vacating of Hardy's guilty plea.  In light of this situation, we need not and therefore do not address the substance of any of the sentencing issues implicated by this case.  Rather, we vacate Hardy's plea of guilty, the conviction based on it, and the sentence imposed by the district court, and we remand for further proceedings consistent with this opinion.

Plea, conviction, and sentence VACATED, and case REMANDED.